IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BOB VILA, VILA MEDIA, LLC, and VILA PROMOTIONS, LLC<br><br>Plaintiffs,<br><br>v.<br><br>ROBERT SMITH,<br><br>Defendant. | Case No. _____ |

## COMPLAINT

Plaintiffs Bob Vila ("Plaintiff"), Vila Media, LLC ("Vila Media"), and Vila Promotions, LLC ("Vila Promotions"; together with Bob Vila and Vila Media, "Plaintiffs"), by and through their undersigned counsel, for their Complaint against Defendant Robert Smith ("Defendant"), a resident of Illinois, allege as follows:

## NATURE OF THE ACTION

1. This action arises out of Defendant's unauthorized use of Plaintiff's name, image, and likeness, and of Plaintiffs' trademarks. Plaintiffs bring these claims under the Illinois Right of Publicity Act (765 ILCS 1075/1 *et seq.*), the Federal Lanham Act (15 U.S.C. §§ 1114, 1116, 1117, and 1125(a) & (c)), the Illinois Uniform Deceptive Trade Practices Act (815 ILCS 510/2, *et seq.*), the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/2, *et seq.*), and Illinois common law.

## PARTIES

2. Plaintiff is a world-renowned home renovation and repair expert. He is widely considered to be one of the most trusted authorities within the home improvement space and has been a TV celebrity and author on the subject for the better part of 40 years.

3. Plaintiff is a resident of and is domiciled in the state of Florida.

4. Vila Media is a Florida limited liability company with its principal place of business in Palm Beach, Florida. Vila Media is the owner of four out of five of the registered trademarks at issue in this case, as discussed further below. Plaintiff individually owns the fifth registered trademark.

5. Vila Promotions is a Florida limited liability company with its principal place of business in Palm Beach, Florida. Vila Promotions is, *inter alia*, the authorized licensor of Plaintiff's name, image, likeness, and persona, and the administrator of Plaintiff's endorsements and personal services activities.

6. Upon information and belief, Defendant is an individual residing in Loves Park, Illinois.

## JURISDICTION AND VENUE

7. Jurisdiction over the parties and subject matter of this action is proper in this Court pursuant to 15 U.S.C. § 1121 (actions arising under the Lanham Act), 28 U.S.C. § 1331 (actions arising under the laws of the United States), 28 U.S.C. § 1332(a) (diversity of citizenship between the parties), and § 1338(a) (actions arising under an Act of Congress relating to trademarks). This Court has supplemental jurisdiction over the claims in this Complaint that arise under Illinois state statutory and common law pursuant to 28 U.S.C. § 1367(a).

8. This Court has personal jurisdiction over Defendant because he resides in the State of Illinois and does substantial business in this district, and his infringing actions took place in this district.

9. Venue is properly founded in this district pursuant to pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides in the state of Illinois and this district, and 28 U.S.C.§ 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred within this district.

## FACTUAL BACKGROUND

10. Plaintiff Bob Vila is a household name. He is an accomplished home renovation, restoration, and repair expert, and a widely known celebrity best known for hosting the television programs *This Old House*, *Bob Vila's Home Again, Bob Vila*, and *Restore America with Bob Vila.* He has authored 11 books, and with a career spanning nearly four decades, Plaintiff's name has become synonymous with high-quality products and services related to home building, restoration, improvement, and remodeling.

11. Plaintiff and his company Vila Media collectively own five federally registered trademarks containing his name "BOB VILA" (U.S. Reg. Nos. 2,569,453 (owned by Plaintiff individually); 2,570,957; 2,590,683; 4,758,928; and 4,763,405; collectively the "Trademarks") (true and correct copies of the registration certificates for the Trademarks are attached hereto as Exhibit A and incorporated herein by reference), which are used in various capacities including in connection with the promotion of the sale of goods and services of others through product endorsements.

12. Since at least 2015, Defendant, individually or through one or more of his companies, has falsely purported to act on Plaintiff's behalf, unlawfully offering to sell or license

3

to third parties, for thousands of dollars, the "right" to use Plaintiffs' trademarks, and Plaintiff's name, image, and likeness in connection with the sponsorship of various events, products, and services.

13. Defendant has fraudulently misrepresented to third parties that he is directly in contact with, and is working with, Plaintiff and his "office," and that Defendant is authorized to offer, among other things, sponsored Twitter announcements, Pinterest marketing, Facebook advertisements, press releases for local and online media outlets, photographs, and "evergreen videos," all containing Plaintiff's name, image, likeness, or Trademarks.

14. In connection with the above materials, Defendant offers to third parties a contract that purportedly conveys a "negotiated celebrity endorsement from Bob Vila."

15. For example, Defendant purported to license, for at least $5,000, these "rights" to Brilliant Event Planning, Inc. ("Brilliant"), an Illinois event planning company. As a result, Brilliant falsely stated on its website, in online press releases, in full-color print newspaper advertisements and flyers, on social media (*e.g.*, LinkedIn, Pinterest, and Facebook), on YouTube, on Yelp, and on ticket sales websites like Eventbrite, that Plaintiff promotes Brilliant's expos or is otherwise affiliated with Brilliant or Brilliant's events. Brilliant has also incorporated into its advertising materials photographs and videos of Plaintiff, provided to Brilliant by Defendant. Examples of these infringing materials are attached hereto as Exhibit B and incorporated herein by reference.

16. Upon information and belief, at least some attendees of Brilliant's previously-held Chicago-area events attended specifically because Brilliant, in reliance on Defendant's misrepresentations, advertised that Plaintiff promotes the event, implying that Plaintiff would actually be present there.

17. Upon information and belief, when attendees questioned when Plaintiff would appear at the event, attendees were told that it was unclear; that Plaintiff had yet to arrive; that Plaintiff had already departed; or that Plaintiff had failed to show up to the event entirely.

18. These false statements and misrepresentations resulted directly from Defendant's own fraudulent misrepresentations to Brilliant concerning Plaintiff's authority to act on Plaintiff's behalf and to offer licenses to use Plaintiff's name, image, likeness, and Trademarks.

19. Upon information and belief, Defendant has engaged in similar unlawful conduct with respect to other companies, including Window World of Indianapolis, Indiana.

20. Defendant is neither an agent nor a representative of Plaintiffs, nor have Plaintiffs authorized or permitted Defendant to act on Plaintiffs' behalf.

21. Neither Plaintiff nor Vila Promotions has ever consented to Defendant's use of Plaintiff's name, image, or likeness, nor have Plaintiff or Vila Media provided Defendant with a license to use any of Plaintiffs' Trademarks.

22. Plaintiffs have never entered into any agreement, written or otherwise, granting the above-mentioned rights that Defendant purports to have or license.

23. Defendant's infringements are willful. Defendant is aware of Plaintiff's rights in Plaintiff's name, image, likeness, and Trademarks, and is aware he must receive consent from Plaintiffs to use Plaintiff's name, image, and likeness, and Trademarks, as evidenced by the fact that Defendant contacted Vila Media in July 2015 requesting permission to use Plaintiff's name in connection with sponsored Twitter posts. That permission was not granted.

24. Plaintiffs became aware of Defendant's false statements in February 2016. Plaintiffs had no prior knowledge of Defendant's unlawful use of Plaintiffs' Trademarks, name, image, and likeness prior to that time.

25. Defendant's falsehoods and blatant free-riding on the goodwill attached to Plaintiffs' name, likeness, image, and Trademarks, has caused, and will continue to cause, significant damage to Plaintiff's reputation through confusion and misunderstanding not only by Defendant's victims but also by the public in general.

## COUNT I
### (Violation of the Illinois Right of Publicity Act, 765 ILCS 1075/1 *et seq*.)

26. Plaintiffs reallege and incorporate herein by reference each and every allegation contained in the previous paragraphs as though fully set forth herein.

27. Defendant's unauthorized use of Plaintiff's identity for commercial purposes is a violation of the Illinois Right of Publicity Act.

28. Defendant used Plaintiff's identity – including his name, likeness, image, voice, and photograph – in connection with the offering for sale and advertisement of Defendant's fraudulent public relations services, specifically, Defendant's purported ability to legitimately offer paid celebrity endorsements and celebrity-sponsored social media and print media marketing, through direct connections to celebrity personalities like Plaintiff.

29. Defendant did not obtain Plaintiff's or Vila Promotions' consent or permission to use Plaintiff's name, likeness, image, voice, or photograph, or any other aspect of his persona, in connection with Defendant's public relations services, or any other goods or services related thereto, or any goods, services, or events of third parties.

30. Defendant used Plaintiff's identity intentionally, willfully, and with knowledge that such use was not authorized.

31. Defendant's infringing conduct has caused and, unless restrained by this Court, will continue to cause, irreparable harm, loss, and injury to Plaintiffs, for which Plaintiffs have no adequate remedy at law.

## COUNT II
### (Contributory Trademark Infringement, 15 U.S.C. § 1114(1)(a))

32. Plaintiffs reallege and incorporate herein by reference each and every allegation contained in the previous paragraphs as though fully set forth herein.

33. Plaintiff and Vila Media own federal trademark registrations for the Trademarks referenced above. Consumers readily identify the Trademarks and associate those Trademarks with Plaintiff's goods and services, and recognize Plaintiff's goods and services as being of the highest quality and emanating exclusively from, and being sponsored and approved by, Plaintiff.

34. Defendant intentionally induced third parties, including Brilliant, to unlawfully use Plaintiffs' Trademarks in connection with the advertising, marketing, promoting, offering for sale, and selling of third parties' goods and services.

35. Defendant also purported to offer, and continued to offer, his services, including the fraudulent offering of trademark "rights" to third parties, with actual knowledge that he had no such rights and that third parties, in reliance on the purported license provided by Defendant, would infringe Plaintiffs' Trademarks, and were in fact, infringing Plaintiffs' Trademarks.

36. Third parties' use of the Trademarks in connection with the advertising, marketing, promoting, offering for sale, and selling of goods and services constitutes use in commerce because Defendant purported to license those marks to residents not only of Illinois, but also of Indiana, and the Trademarks are used in advertisements that cross state lines; and because Defendant's actions affect interstate commerce, as Plaintiffs are based in Florida and their valuable right to engage in licensing transactions with residents of other states, including Illinois and Indiana, is being infringed.

37. Third parties' use of the Trademarks in connection with the advertising, marketing, promoting, offering for sale, and selling of goods and services is undertaken without

7

Plaintiff's or Vila Media's permission or authority and without a license, and is likely to cause confusion or mistake, or to deceive consumers, the public, and the trade, to the detriment of Plaintiffs and consumers.

38. The aforesaid acts of Defendant constitutes contributory trademark infringement in violation of Section 32(1)(a) of the Lanham Act.

39. Defendant's infringing conduct has caused and, unless restrained by this Court, will continue to cause, irreparable harm, loss, and injury to Plaintiffs, for which they have no adequate remedy at law.

## COUNT III
### (Contributory Trademark Counterfeiting, 15 U.S.C. § 1114(1)(b))

40. Plaintiffs reallege and incorporate herein by reference each and every allegation contained in the previous paragraphs as though fully set forth herein.

41. Defendant, with deliberate intention or willful blindness, induced third parties, including Brilliant, to reproduce the Trademarks and apply such reproductions to, at the very least, advertisements intended to be used in commerce in connection with the sale, offering for sale, distribution, or advertising of third parties' goods or services.

42. Defendant's and third parties' uses of such identical reproductions of the Trademarks in connection with the advertising, marketing, promoting, offering for sale, and selling of their goods and services constitute uses in commerce for the reasons stated above; is without Plaintiffs' permission or authority; and is likely to cause confusion or mistake, or to deceive consumers, the public, and the trade, to the detriment of Plaintiffs and consumers.

43. Defendant's acts constitute contributory trademark counterfeiting in violation of Section 32(1)(b) of the Lanham Act.

44. Defendant's infringing conduct has caused and, unless restrained by this Court, will continue to cause, irreparable harm, loss, and injury to Plaintiffs, for which Plaintiffs have no adequate remedy at law.

## COUNT IV
### (False Designation of Origin & False Endorsement 15 U.S.C. § 1125(a))

45. Plaintiffs reallege and incorporate herein by reference each and every allegation contained in the previous paragraphs as though fully set forth herein.

46. Defendant, with deliberate intention or willful blindness, misrepresented to third parties, including Brilliant, that he was affiliated or associated with Plaintiffs and that his public relations services were endorsed, sponsored, approved by, or undertaken with the knowledge and consent of Plaintiffs.

47. Defendant, with deliberate intention or willful blindness, induced third parties, including Brilliant, to use Plaintiffs' Trademarks in connection with the advertising, marketing, promoting, offering for sale, and selling of those third parties' goods and services in a manner that was and is likely to cause confusion, mistake or deception as to the affiliation, connection or association of those third parties' with Plaintiffs or as to the origin, sponsorship, or approval of those third parties' goods and services by Plaintiffs.

48. Defendant's and third parties' uses of such identical reproductions of the Trademarks in connection with the advertising, marketing, promoting, offering for sale, and selling of their goods and services constitute uses in commerce for the reasons stated above; is without Plaintiffs' permission or authority; and is likely to cause confusion or mistake, or to deceive consumers, the public, and the trade, to the detriment of Plaintiffs and consumers.

49. Plaintiffs have been damaged by these acts in violation of Section 43(a) of the Lanham Act.

50. Defendant's infringing conduct has caused and, unless restrained by this Court, will continue to cause, irreparable harm, loss, and injury to Plaintiffs, for which Plaintiffs have no adequate remedy at law.

## COUNT V
### (Contributory Trademark Dilution 15 U.S.C. § 1125(c))

51. Plaintiffs reallege and incorporate herein by reference each and every allegation contained in the previous paragraphs as though fully set forth herein.

52. The Trademarks are famous. The name "BOB VILA" is known throughout the country and worldwide and has become a household name in connection with goods and services related to home improvement, building, restoration, and renovation.

53. The Trademarks are distinctive, both inherently and through acquired distinctiveness. Several of the Trademarks are incontestable.

54. Defendant, with deliberate intention or willful blindness, induced third parties, including Brilliant, to use the Trademarks in connection with the advertising, marketing, promoting, offering for sale, and selling of goods and services not authorized or sponsored by Plaintiffs.

55. Defendants' and third parties' use of the Trademarks constitute uses in commerce for the reasons stated above, and dilutes the Trademarks by tarnishment as a result of the reputational injury Plaintiff suffers from those third parties' acts described herein.

56. Plaintiff has been damaged by these acts in violation of Section 43(c) of the Lanham Act.

57. Defendant's infringing conduct has caused and, unless restrained by this Court, will continue to cause, irreparable harm, loss, and injury to Plaintiffs, for which Plaintiffs have no adequate remedy at law.

## COUNT VI
**(Violation of Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/2)**

58. Plaintiffs reallege and incorporate herein by reference each and every allegation contained in the previous paragraphs as though fully set forth herein.

59. Defendant's unauthorized use of Plaintiff's identity and Plaintiffs' Trademarks is likely to cause confusion as to the source or sponsorship of Defendants' goods and services.

60. Defendant's actions have caused confusion as to the source or sponsorship of Defendants' goods and services.

61. Defendant's actions were willful and intentional, in that they were done with deliberate disregard or reckless indifference to the rights of Plaintiffs.

62. Defendant's actions violate the Illinois Uniform Deceptive Trade Practices Act.

63. Defendant's actions are likely to and did injure Plaintiffs. Those actions have caused and, unless restrained by this Court, will continue to cause serious and irreparable injury and damage to Plaintiffs and to the goodwill associated with Plaintiff's identity and Plaintiffs' Trademarks.

64. Plaintiffs have no adequate remedy at law.

## COUNT VII
**(Violation of Illinois Consumer Fraud & Deceptive Business Practices Act, 815 ILCS 505/2)**

65. Plaintiffs reallege and incorporate herein by reference each and every allegation contained in the previous paragraphs as though fully set forth herein.

66. The violation of the Illinois Uniform Deceptive Trade Practices Act described in Count VI also constitutes a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act.

67. Defendant's conduct is intentional, willful and outrageous, in that it was done with deliberate disregard or reckless indifference to the rights of Plaintiffs.

68. Defendant's actions are likely to and did injure Plaintiffs. Those actions have caused and, unless restrained by this Court, will continue to cause serious and irreparable injury and damage to Plaintiffs and to the goodwill associated with Plaintiff's identity and Plaintiffs' Trademarks.

69. Plaintiffs have no adequate remedy at law.

## COUNT VIII
### (Contributory Common Law Trademark Infringement)

70. Plaintiffs reallege and incorporate herein by reference each and every allegation contained in the previous paragraphs as though fully set forth herein.

71. As discussed above, Plaintiffs have a protectable ownership interest in the Trademarks.

72. As discussed above, Defendant's use of the Trademarks is likely to cause consumer confusion, infringing on Plaintiffs' rights in the Trademarks.

73. For the reasons stated above in connection with Plaintiffs' Lanham Act claims, Defendant is liable for contributory trademark infringement under Illinois common law.

74. Defendant's infringing conduct has caused and, unless restrained by this Court, will continue to cause, irreparable harm, loss, and injury to Plaintiffs, for which they have no adequate remedy at law.

**WHEREFORE,** Plaintiffs respectfully request that this Court enter judgment against the Defendant as follows:

1. Finding that Defendant has violated: Sections 32(1)(a) and (1)(b) of the Lanham Act (15 U.S.C. §§ 1114(1)(a)-(b)); Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)); Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)); the Illinois Right of Publicity Act (765 ILCS 1075/1 *et seq.*); the Illinois Uniform Deceptive Trade Practices Act (815 ILCS 510/2 *et seq.*); the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/2 *et seq.*); and Illinois common law trademark law.

2. Granting an injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116, 765 ILCS 1075/50, 815 ILCS 510/3, and 815 ILCS 505/10a:

   a. preliminarily and permanently restraining and enjoining Defendant, his companies, officers, agents, employees, and attorneys, and all those persons or entities in active concert or participation with him, from advertising, marketing, promoting, offering for sale, or selling any products or services bearing Plaintiffs' Trademarks and/or Plaintiff's name, likeness, image, photograph, voice, signature, biographical information, or persona; from inducing others to advertise, market, promote, offer for sale, or sell any products or services bearing Plaintiffs' Trademarks and/or Plaintiff's name, likeness, image, photograph, voice, signature, biographical information, or persona; and from engaging in any other activity constituting an infringement of any of Plaintiffs' rights in the Trademarks or Plaintiff's name, likeness, image, photograph, voice, signature, biographical information, or persona;

   b. preliminarily and permanently restraining and enjoining Defendant, his companies, officers, agents, employees, and attorneys, and all those persons or entities in active concert or participation with him, from falsely representing to customers, clients, or the public in

general, either on the phone, on the Internet, or in person, that Plaintiffs sponsor, approve, endorse, or are affiliated with Defendant or any third parties or those third parties' goods, services, expos, and other events, or that those third parties have permission to use or have paid to use the Trademarks or Plaintiff's name, likeness, image, photograph, voice, signature, biographical information, or persona, and from inducing third parties to do any of the above;

      c. ordering Defendant to delete, remove, or otherwise withdraw all references to Plaintiffs' Trademarks and/or Plaintiff's name, likeness, image, photograph, voice, signature, biographical information, or persona from any location or item, whether online or physical, that relate in any way to Defendant or any of his products or services;

      d. ordering Defendant to issue corrective statements on his website (or the websites of any companies or entities affiliated with Defendant), issue corrective press releases, issue corrective advertisements, and send corrective e-mails to each customer to whom Defendant fraudulently "sold" any purported rights related to Plaintiffs, stating that Plaintiffs are not, in fact, affiliated with Defendant and that Plaintiffs did not consent, and have never consented to Defendant's use of Plaintiff's persona and Trademarks, and explaining that Defendant's prior statements to the contrary were false;

      e. ordering Defendant to issue full refunds to all customers who paid any money to Defendant for the alleged right to use Plaintiff's persona or Trademarks;

      f. directing such other relief as the Court may deem appropriate to prevent consumers, the public, and/or the trade from deriving any erroneous impression that any event, product, or service at issue in this action that has been advertised, marketed, promoted, offered for sale, or sold by Defendant or third parties has been authorized, sponsored, endorsed, promoted, or approved by Plaintiffs, or is related in any way to Plaintiffs;

14

  g. requiring Defendant to file with this Court and serve on Plaintiffs within thirty (30) days after entry of the injunction a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

 3. Awarding Plaintiffs statutory damages of $2,000,000 per counterfeit mark, per type of counterfeit good or service in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117) or alternatively, and at Plaintiffs' request, ordering Defendant to account to and pay to Plaintiffs all profits realized by his wrongful acts and also awarding Plaintiffs actual damages, and directing that such profits or actual damages be trebled, in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117);

 4. Ordering Defendant to pay to Plaintiffs (i) actual damages and profits derived from Defendant's unauthorized use of Plaintiff's name, image, and likeness, and (ii) punitive damages in accordance with 765 ILCS 1075/40 and 815 ILCS 505/10a;

 5. Awarding Plaintiffs their costs, attorneys' fees, investigatory fees, and expenses to the full extent provided by Section 35 of the Lanham Act (15 U.S.C. § 1117), the Illinois Right of Publicity Act (765 ILCS 1075/55), the Illinois Uniform Deceptive Trade Practices Act (815 ILCS 510/3), and the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/10a);

 6. Awarding Plaintiffs pre-judgment interest on any monetary award made part of the judgment against Defendant; and

 7. Awarding Plaintiffs such additional and further relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs request a trial by jury on all matters so triable.

Respectfully submitted,

BOB VILA, VILA MEDIA, LLC, and
VILA PROMOTIONS, LLC

Date:   April 5, 2016			By:   s/ Mark R. Bagley   _
Mark R. Bagley
TOLPIN & PARTNERS, PC
100 N. LaSalle Street, Suite 510
Chicago, IL 60602
Tel: (312) 698-8971
Fax: (312) 803-9602
mark@tolpinlaw.com

Scott J. Sholder (*Pro Hac Vice pending*)
Brittany L. Kaplan (*Pro Hac Vice pending*)
COWAN DEBAETS ABRAHAMS
   & SHEPPARD, LLP
41 Madison Avenue, 34th Floor
New York, New York 10010
Tel: (212) 974-7474
Fax: (212) 974-8474
ssholder@cdas.com
bkaplan@cdas.com

*Attorneys for Plaintiffs Bob Vila, Vila Media, LLC, and Vila Promotions, LLC*